**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Crim. Case No.: 12-cr-237 (RJL)** |
| | ) | |
| **JAIME ANTONIO** | ) | |
| **MANDUJANO-EUDAVE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**DEFENDANT JAIME ANTONIO MANDUJANO-EUDAVE'S**
**NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS**

PLEASE TAKE NOTICE that defendant JAIME ANTONIO MANDUJANO-EUDAVE, by and through his counsel, Guadalupe Valencia, respectfully requests this Court order the Government to produce a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.

## INTRODUCTION

On November 2, 2012, a Grand Jury returned a true bill alleging Jaime Antonio Mandujano-Eudave's involvement in a conspiracy to distribute various illicit drugs, in violation of 21 U.S.C. §§ 959, 960, 963 and aiding and abetting under 18 U.S.C. § 2.

The indictment alleges Mr. Mandujano-Eudave's participation in a conspiracy originating in January of 1998 and continuing operations for approximately fourteen (14) years. The countries of the conspiracy's operation include Mexico, the United States and "elsewhere." *Id*. As a conspirator, Mr. Mandujano-Eudave stands accused of knowingly, intentionally and willfully conspiring to distribute five (5) or more kilograms of cocaine, fifty (50) or more kilograms of methamphetamine, and one thousand (1000) kilograms or more of marijuana. The Indictment further alleges that the drugs involved were imported into the United States from a "place outside thereof."

Critical details necessary for Mr. Mandujano-Eudave to adequately prepare a defense to the charges levied against him have been omitted from the indictment.  As discussed herein, under current case law, the circumstances in the instant case justify this Court's issuance of an order for the Government to provide Mr. Mandujano-Eudave with a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.

## ARGUMENT

Meaningful notice is the foundation of due process. *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.'").  In the present case, Mr. Mandujano-Eudave is tasked with defending against an indictment alleging his participation in a conspiracy to distribute various illicit substances spanning fourteen (14) years, in violation of 21 U.S.C. §§ 959, 960, 963 and 18 U.S.C. § 2.  Despite such lengthy criminal activity, the indictment itself charges a single count, documents no overt acts, and offers a miniscule page-and-half of information to clarify the charge.  The lack of detail in the indictment effectively denies Mr. Mandujano-Eudave meaningful notice of the charges against him.

**A.** **Granting Mr. Mandujano-Eudave's Motion is the Appropriate Remedy for the Lack of Specificity in the Government's Indictment.**

The Government, under the Controlled Substances Act, need not set forth overt acts for an indictment under Section 963 to be valid.  *See U.S. v.Mejia*, 448 F.3d 436, 445 (D.D.C. 2006) (acknowledging Section 963, worded identically to 21 U.S.C. § 846, does not call for overt acts to be set forth in an indictment); see also *United States v. Shabani*, 513 U.S. 10 (1994). However, where there is a relaxed overt-act requirement, as in an indictment for a violation of Section 963, due process may demand the Government produce a bill of particulars.

Where an indictment charges an offense with sufficient certainty but fails to inform the accused of certain particulars of the charges against which he or she will have to defend at trial,

the remedy is to move for a bill of particulars.  *U.S. v. Debrow*, 346 U.S. 374 (1953).  The court may direct the government to file a bill of particulars.  Fed. R. Crim. P. 7(f).  A bill of particulars is purposed with: (1) enabling a defendant to prepare a defense; (2) providing a defendant with protection against prejudicial surprise during trial; and (3) protecting a defendant against double jeopardy.  *United States v. Hubbard*, 474 F.Supp. 64 (D.D.C. 1979).

As is true in this case, where an indictment lacks documentation of overt acts, "a bill of particulars is all the more important…because the indictment itself provides so little detail." *U.S. v. Ramirez*, 54 F.Supp2d 25, 30 (D.D.C. 1999).  The district court's decision in *Ramirez* provides guidance for the Court's actions here.

In *Ramirez*, the defendants, charged with violation of 21 U.S.C. § 846, requested a bill of particulars as to:

> (1) the identities of all co-conspirators not named in the indictment; (2) the specific overt acts taken in furtherance of the alleged conspiracy and to whom each such act is attributed; (3) the time, place, date and participants for each meeting, conversation or agreement in which each defendant [was] alleged to have participated; (4) the specific date each defendant [was] said to have entered into the conspiracy; (5) the amount of drugs attributable to each defendant; and (6) any and all specific evidence of each defendant's having acted in concert with others.

*Ramirez*, 545 F.Supp.2d at 29.

In response, the Government argued that, because indictments under Section 846 did not require overt acts to be plead, a bill of particulars was not warranted.  *Id*. at 30.  The *Ramirez* court found that argument unpersuasive.

The court reasoned that because of the minimal showing of detail in the indictment, some of the defendants' particulars requests should indeed be granted in order to allow preparation of an adequate defense.  *Id*. at 30-1.  The rule that proof of the commission of overt acts was not required for a conviction under § 846 undermined the Government's argument, rather than supported it; as a result of the relaxed pleading requirement, the bill of particulars in narcotics conspiracy cases was all the more important.  *Id*.  In such circumstances "defendants must be

provided with certain information in order to permit them to adequately prepare for trial." *Id*. The court thereby granted the defendants' request as follows:

> …particulars setting forth the names of all persons the government would claim at trial were co-conspirators (whether or not they will be called as trial witnesses), the approximate dates and locations of any meetings or conversations not already identified in the indictment in which each defendant allegedly participated, and the approximate date on which each defendant allegedly joined the conspiracy…[and] all overt acts (or at least all meetings and conversations) in which any defendant participated so that each defendant may understand the government's view of his alleged role in the conspiracy.

*Id*. (citing *United States v. Rogers*, 617 F.Supp 1024, 1029 (D.Col.1985)) (overt acts in furtherance of conspiracy to be provided in bill of particulars).

Mr. Mandujano-Eudave is in no less different a position as the defendants in *Ramirez*; and frankly, hardly different. The Government's failure here to list overt acts substantially impairs Mr. Mandujano-Eudave's ability to prepare an adequate defense when considering the breadth of the fourteen year, multi-national, multi-defendant conspiracy. The decision in *Ramirez* balances the relaxed pleading requirements under Section 963 with the requirements of due process. Applying a like-minded rationale, the Court here should require the Government to prepare a bill of particulars to remedy the lack of detail in its charges against Mr. Mandujano-Eudave.

The court must also consider the quality of what little information is provided by the indictment. The language of the indictment is intolerably vague. For example, the indictment alleges that the conspiracy reached into Mexico, the United States, "and elsewhere." There is no hint at the total number of nations touched by the alleged conspiracy, much less the identity of those nations. Such information is *uniquely relevant* to preparation of Mr. Mandujano-Eudave's defense. Over the course of 14 years, the conspirators within the territories of multiple countries and in international waters. Without further clarification, Mr. Mandujano-Eudave will be left to guess as to the specific acts, the Government will present at trial. Pre-trial preparation time is precious. A defendant should not be forced to waste precious pre-trial preparation time guessing

which overt acts he must defend against when the Government knows which overt acts it will rely on at trial. *United States v. Trie*, 21 F.Supp.2s 7, 21 (D.D.C. 1998).

Further, the indictment references distribution of three separate drugs: marijuana, methamphetamine, and cocaine, all in vague quantities. Quantities are referenced by the indictment as "five (5) kilograms or more" and "1,000 kilograms or more." Are these single transactions or cumulative amounts over 14 years? Because of the nature of Mr. Mandujano-Eudave's profession, knowing whether transactions were isolated, regular, and the approximate time periods involved is critical to avoiding surprise at trial. Over 14 years, Mr. Mandujano-Eudave has been involved with numerous, legitimate commercial maritime transactions. The indictment offers no hint as to the overt acts committed, dates they were committed and with whom they were committed with. This is information is certainly available to the Government, and so the Government must be ordered to these details in a bill of particulars.

The indictment is additionally insufficiently particular as to both the identity of Mr. Mandujano-Eudave's co-conspirators and when those individuals met or conversed. The indictment references conspirators acting "with each other and with others both known and unknown to the Grand Jury." Mr. Mandujano-Eudave is entitled to know the names of all those the Government will argue were co-conspirators at trial. This information includes those co-conspirators the Government has learned of since the time of the indictment, as this is exactly the type of surprise a bill of particulars is designed to avoid. *U.S. v. Baker*, 262 F.Supp 657, 675 (D.D.C. 1966) (citing *United States v. Covelli*, 210 F.Supp. 589, 590 (D.C.N.D.Ill. 1962).

The timeframe for the conspiracy alleged in the indictment is functionally open-ended. The only date referenced in the indictment is "in or about January 1998." There is no information useful for Mr. Mandujano-Eudave to identify which conversations or meetings with his alleged co-conspirators, named or un-named, will be implicated by the Government at trial. Thus, Mr. Mandujano-Eudave must guess as to the dates and locations of meetings or conversations he allegedly participated in, in furtherance of the conspiracy, with any number of

potential co-conspirators. The Government has this information, and so the Government must specify this information in a bill of particulars to avoid surprise at trial.

The similarities between this case and the situation presented by *Ramirez* are apparent. Relaxing the pleading requirements in narcotics conspiracy cases is not intended to give the Government a free-pass around due process. To this end, a bill of particulars bridges the gap between the Government's requirements and a defendant's due process entitlements. A bill of particulars is thus an appropriate remedy to protect Mr. Mandujano-Eudave's due process rights.

**B.** **The Court Should Approve Mr. Mandujano-Eudave's List of Requested Particulars in Light of the Holding in Ramirez.**

The *Ramirez* court granted the defendant's request for certain particulars. Mr. Mandujano-Eudave, asks no more or less of this court than the defendants did in *Ramirez*. Mr. Mandujano-Eudave, for the aforementioned reasons and others to be established that this motion's hearing, requests this court order the Government to provide the following particulars:

1. The names of all persons known by the Government at the time of the indictment to be claimed at trial were Mr. Mandujano-Eudave's co-conspirators;

2. The names of all persons determined since the time of the indictment that the Government will claim at trial were Mr. Mandujano-Eudave's co-conspirators;

3. The approximate dates and locations of any meetings or conversations in which each defendant allegedly participated; i.e., when Mr. Mandujano-Eudave became in co-conspirator in this 14 years conspiracy;

4. The locations of any meetings or conversations in which each defendant allegedly participated;

5. The approximate date on which each defendant allegedly joined the conspiracy;

6. All countries in which overt acts in furtherance of the conspiracy were committed;

7. The identity of all vessels under Mr. Mandujano-Eudave's supervision which were involved in overt acts in furtherance of the conspiracy; (as of today the government has provided discovery regarding two vessels seized, one in 2007, but no facts as to the role allegedly played by Mr. Mandujano-Eudave, the other is a 2001 seizure in which the government informs that they don't know if Mr. Mandujano-Eudave was involved in.)

8. All overt acts in which each defendant participated.

## CONCLUSION

While Government is not required to plead overt acts in an indictment for violation of 21 U.S.C. § 963, a defendant is still entitled to meaningful notice of the charges against them. Where the allegations in an indictment are vague, as is likely in an indictment for participation in a narcotics conspiracy, a bill of particulars affords a defendant the meaningful notice required by due process. Here, the Government's decision to omit detailed information about a fourteen year conspiracy, though not fatal to the indictment, makes especially important a bill of particulars. Under the logic applied to similar factual scenarios by district courts in this circuit, this Court should grant Mr. Mandujano-Eudave's request for a bill of particulars. In this case, a bill of particulars is required to protect Mr. Mandujano-Eudave's right to meaningful notice and preparation of an adequate defense against the charges contained in the Government's indictment.

Dated:   October 21, 2016                Respectfully submitted,

                                         LAW OFFICES OF GUADALUPE VALENCIA

                                         By:     /s/ Guadalupe Valencia
                                         GUADALUPE VALENCIA
                                         Admitted *pro hac vice*
                                         California State Bar No. 197831
                                         105 West F Street, Third Floor
                                         San Diego, CA 92101
                                         T: (619) 232-2588
                                         gvalencialaw@yahoo.com
                                         *Counsel for Jaime Mandujano-Eudave*

LAW OFFICES OF G. ALLEN DALE, PLLC


By: ____/s/ G. Allen Dale_____
G. ALLEN DALE
District of Columbia Bar No. 954537
1101 Pennsylvania Avenue, NW Suite 1150
Washington, DC 20004
gallendale@aol.com
*Counsel for Jaime Mandujano-Eudave*


## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2016,  the foregoing pleading is true and accurate to the best of my information and belief, and that a copy of the foregoing document has been served this day via electronic email on all parties.


_____*/s/* Guadalupe Valencia_____
GUADALUPE VALENCIA
Law Offices of Guadalupe Valencia
Admitted *pro hac vice*
California State Bar No. 197831
105 West F Street, Third Floor
San Diego, CA 92101
T: (619) 232-2588
gvalencialaw@yahoo.com